

**Michael Willemin**
mwillemin@wigdorlaw.com

July 29, 2025

**VIA ECF**

The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

    Re:    <u>Joe Howie v. Ernst and Young LLP, *et al*.; Civil Case No. 1:25-cv-5973</u>

Dear Judge Woods:

We represent Plaintiff Joe Howie ("Plaintiff") in connection with his claims against Defendants Ernst & Young LLP ("EY"), Ernst & Young US LLP ("EY US"), and Ernst & Young Global Limited (EY Global") (collectively, "Defendants"). We write this letter pursuant to § 1.A of the Court's Individual Rules and Practices in response to EY's public and published comments made to the Financial Times about this matter.[1]

In the Financial Times, an EY spokesman is quoted as saying that Howie's concerns consisted of public news reports and commentary, which were used to support "speculative and incoherent narratives about current or former clients." Further, the EY spokesman claimed that "[h]is narratives drew conclusions without evidence and became increasingly untethered from his EY responsibilities and professional standards." In addition to being professionally disparaging and potentially defamatory, these remarks plainly purport to describe (however inaccurately) the content of communications that Defendants vehemently claim are privileged. EY Global's letter response to Plaintiff's motion to unseal the Complaint also repeatedly describes the content of these allegedly privileged communications to a similar extent that Howie's Complaint does. Specifically, they describe how General Counsel "'explicitly instruct[ed] him to stop' certain conduct and to take certain steps, including engaging in further discussions with specific individuals for the purpose of revising a particular piece of written work product." Dkt. 13 at 3. They also claim that these redactions disclose "that the Deputy General Counsel advised [Howie] to make specific revisions to certain work product and counsel's rationale for the revisions." <u>Id.</u>

Not every communication with an attorney, and particularly an in-house attorney, is privileged. As recently recognized by Your Honor, "because in-house counsel may have mixed business-legal

---

[1]     See Financial Times, "EY sacked partner over money-laundering warnings, lawsuit alleges", https://www.afr.com/companies/professional-services/ey-sacked-partner-over-money-laundering-warnings-lawsuit-alleges-20250728-p5migf (last accessed July 29, 2025).



Hon. Gregory H. Woods
July 29, 2025
Page 2

responsibility. . . their day-to-day involvements in their employers affairs may blur the line between legal and nonlegal communications." WCA Holdings III, LLC v. Panasonic Avionics Corp., No. 1:20 Civ. 7472 (GHW), 2025 WL 1434375, at *4 (S.D.N.Y. May 17, 2025). Therefore, "[i]n light of the two hats often worn by in-house lawyers, communications between a corporation's employees and its in-house counsel, though subject to the attorney-client privilege, must be scrutinized carefully to determine whether the predominant purpose of the communication was to convey business advice and information or, alternatively, to obtain or provide legal advice." Id.

Additionally, "it is well-established that the attorney-client privilege is waived if the holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the communication to a third party or stranger to the attorney-client relationship." Mandarin Oriental, Inc. v. HDI Glob. Ins. Co., No. 23 Civ. 4951 (JPC) (SLC), 2025 WL 1638071, at *4 (S.D.N.Y. June 10, 2025). In addition, it is well settled that "the attorney-client privilege cannot at once be used as a shield and a sword." United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991). Therefore, because these communications do not involve privileged legal advice and also have been disclosed and waived, Plaintiff maintains that his request to file the unredacted Complaint on the public docket should be granted.

We thank Your Honor for the Court's time and consideration in this matter.

Respectfully submitted,

Michael J. Willemin