LAW OFFICES

WILLIAMS & CONNOLLY LLP

| | | |
|---|---|---|
| LORYN HELFMANN<br>(202) 434-5473<br>lhelfmann@wc.com | 680 MAINE AVENUE SW<br>WASHINGTON, DC 20024<br>(202) 434-5000<br>WWW.WC.COM | EDWARD BENNETT WILLIAMS (1920-1988)<br>PAUL R. CONNOLLY (1922-1978) |

August 1, 2025

**Via ECF**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

      Re: *Howie v. Ernst and Young LLP, et al.*, No. 1:25-cv-05973-RA

Dear Judge Abrams:

      We represent Ernst & Young Global Limited ("EY Global"). We write pursuant to Rule 1.A of the Court's Individual Rules to correct the inaccuracies and mischaracterizations in Plaintiff's July 29, 2025 letter (Dkt. 18).

      Plaintiff's July 29 Letter purports to provide additional bases in support of his letter-motion to unseal EY Global's attorney-client privileged communications. *See* Dkt. 5. Nothing to which Mr. Howie points supports unsealing the attorney-client confidences at issue here.

      *First*, Mr. Howie claims that a statement by an "EY spokesman" in an Australian publication describes "the content of communications" over which EY Global asserts privilege.[1] Dkt. 18 at 1. Not so. The article reports statements made in response to the filing of Mr. Howie's Complaint: that Mr. Howie formed "speculative and incoherent narratives" about audit clients, "drew conclusions without evidence," and "became increasingly untethered from his EY responsibilities." Those statements respond to the *public* allegations in the Complaint. The spokesman said nothing about the *sealed* allegations in the Complaint, nor did the spokesman describe, invoke, or mention any other communications involving EY Global's counsel.

      *Second*, Mr. Howie asserts that EY Global's July 28, 2025 letter brief (Dkt. 13) "describes the content of these allegedly privileged communications to a similar extent that Howie's Complaint does." Dkt. 18 at 1. Again, not so. It is axiomatic that "[i]f a lawyer advises his client to say something to a third party, . . . what the lawyer said must not" be disclosed. *Radio Today*

---

[1] The article Mr. Howie cites is not from the *Financial Times*. As is obvious from the link provided by Mr. Howie, the article is from the *Australian Financial Review*.

1

*v. Westwood One*, 1989 WL 2733, at *1 (S.D.N.Y. Jan. 12, 1989). EY Global's July 28 Letter does not describe *what* conduct counsel instructed Mr. Howie to stop; *what* steps Mr. Howie was instructed to take; *who* he was instructed to contact; *what* work product he was instructed to revise; or *what* those revisions should be. In short, the July 28 Letter does not disclose any legal advice at all. It discloses no more than a standard privilege log.

Indeed, the sanitized description that EY Global used is comparable to descriptions of privileged communications found in judicial decisions in this district. *E.g.*, *Radio Today*, 1989 WL 2733, at *1 (privileged memorandum "was to inform the staff of what lawyers had said the staff could and could not say to radio station representatives"); *Broidy v. Glob. Risk Advisors LLC*, 2023 WL 5447267, at *4 (S.D.N.Y. Aug. 24, 2023) (privileged communications included counsels' "legal advice as to why they believed they should remain as counsel" and corporation's response "to have [lawyers] withdraw as counsel"); *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 498 (S.D.N.Y. 2019) (privilege protected "draft press releases" sent to inhouse counsel for "review and legal advice" and outside counsel "concerning the wording of the announcement"). But the Complaint divulges far more: It discloses precisely *what* legal advice counsel gave, which EY Global carefully omitted from its letter to the Court. Mr. Howie's argument amounts to a Catch-22: either say nothing about the communications and risk the Court concluding they are not privileged, or waive the privilege by defending it.[2]

*Third*, Mr. Howie observes that "[n]ot every communication with an attorney . . . is privileged" and raises the "predominant purpose" test. *See* Dkt. 18 at 1-2. Mr. Howie did not raise this argument in his opening letter-motion. Even now, however, he makes no attempt to apply the "predominant purpose" test to the allegations at hand. Absent from his letter is any discussion about whether the attorney-client communications here conveyed "business advice and information"—because they did not. Moreover, the case Mr. Howie cites supports proceeding with caution and evaluating each communication individually, and with a more fulsome record, before concluding it is not protected by the privilege. *See WCA Holdings III, LLC v. Panasonic Avionics Corp.*, 2025 WL 1434375, at *4 (S.D.N.Y. May 17, 2025) (communications with inhouse counsel "must be scrutinized closely").

The redactions requested by EY are a sliver of Mr. Howie's otherwise public Complaint, and they are narrowly tailored to protect EY Global's attorney-client privilege. Mr. Howie's letter-motion, Dkt. 5, should be summarily denied. In the alternative, if the Court deems it necessary to consider Mr. Howie's request further at this stage, EY Global requests full briefing.

Respectfully submitted,

*/s/ Loryn Helfmann*
Loryn Helfmann
Steven M. Farina (*pro hac vice* pending)

---

[2] Mr. Howie also cites a case for the proposition that privilege cannot be used as a shield and a sword. *See* Dkt. 18 at 2. But EY Global has not invoked any privileged communications to defend itself. It is Mr. Howie—and only Mr. Howie—who has put these communications before the Court.

Adrienne E. Van Winkle (*pro hac vice* forthcoming)
Williams & Connolly LLP
680 Maine Ave. S.W.
Washington, DC 20024
Tel: 202-434-5000
lhelfmann@wc.com

*Attorneys for Ernst & Young Global Limited*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 1, 2025, a true and correct copy of the foregoing pleading was filed on the CM/ECF system, which will send notification of such filing to all parties and counsel in this case.

*/s/ Loryn Helfmann*
Loryn Helfmann
