UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOE HOWIE,

                         Plaintiff,

         - against -

ERNST & YOUNG LLP, ERNST & YOUNG
US LLP and ERNST & YOUNG GLOBAL
LIMITED,

                        Defendants.
------------------------------------------------------------X

**25 Civ. 5973 (RA) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court issues the following Order with respect to the various motions to seal and unseal portions of Plaintiff's pleadings and the papers filed in connection with Defendants' motions to dismiss in this action.

## BACKGROUND

On July 21, 2025, Plaintiff filed a redacted version of his initial Complaint (Dkt. No. 1), and the next day moved for leave to file an underacted version of the Complaint (Dkt. No. 5). Defendants Ernst & Young LLP, Ernst & Young U.S. LLP (collectively, "EY US") and Ernst & Young Global Limited ("EY Global") both filed letters in opposition to Plaintiff's motion, requesting that the Court maintain under seal the unredacted version of the Complaint. (Dkt. Nos. 10, 13).

On September 19, 2025, Plaintiff filed a redacted version of his Amended Complaint (Dkt. No. 41), and on September 29, 2025, he moved for leave to file an unredacted version of the Amended Complaint (Dkt. No. 42). On October 1, 2025, EY US and EY Global both filed letters in opposition to Plaintiff's motion. (Dkt.

Nos. 45, 46). EY US asserted, *inter alia*, that the Court need not address the sealing issue now because "the issue may be rendered moot by motions to dismiss." (Dkt. No. 45). EY US also asserted that the sealing issue "should be deferred until the parties are afforded the opportunity to develop the appropriate factual record and submit full briefing." (*Id.*).

On October 13, 2025, EY US filed a motion to dismiss the Amended Complaint (Dkt. No. 48) along with a memorandum of law and declaration in support of their motion (Dkt. Nos. 50, 52). On that same day, EY US moved to seal the declaration in support of their motion along with Exhibits B and C thereto, as well as portions of their memorandum of law "that contain or relate to information that is redacted in the Amended Complaint and is the subject of a briefed dispute between the parties." (Dkt. No. 47). On October 20, 2025, EY Global filed its own motion to dismiss, but did not seek sealing of any of its motion papers.

In turn, on November 24, 2025, Plaintiff filed separate briefs in opposition to EY US and EY Global's motions to dismiss (Dkt. Nos. 60 & 64) as well as a separate declarations in support of his opposition (Dkt. Nos. 61 & 65). Plaintiff's brief in opposition to EY US's motion to dismiss was filed with redactions and, on the same day, Plaintiff moved to file an unredacted copy of the brief upon resolution of his motion to file an unredacted version of the Amended Complaint. (Dkt. No. 62). In addition, Plaintiff filed under seal Exhibit A to the declaration in support of his opposition to EY Global's motion to dismiss and moved to maintain Exhibit A under

seal until resolution of his motion to file an unredacted version of the Amended Complaint. (Dkt. No. 66).

EY US and EY Global's reply briefs in support of their motions to dismiss are due on December 19, 2025. (Dkt. No. 54). The Court assumes it is likely that EY US and/or EY Global will seek sealing of portions of their reply briefs.

## DISCUSSION

The Court begins by considering EY US's argument in its October 1, 2025 letter that the pending motions to dismiss may "moot" the sealing issues raised by the parties. (Dkt. No. 45). The Court rejects that argument. Regardless of the disposition of the motions to dismiss, it will still be necessary for the Court to determine whether the parties' interest in confidentiality outweighs the public interest in access to judicial documents. To the extent EY US suggests that the dismissal of the action would render such a determination unnecessary, they are mistaken. *See, e.g.*, *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015) (remanding for a ruling on defendant's motion to seal even though district court had dismissed action); *Merrill v. Scottsdale Ins. Co.*, No. 2:20-cv-64-DBB-DAO, 2021 WL 1873961, at *2 (D. Utah May 10, 2021) ("The public interest in access to court documents is not automatically extinguished when claims are dismissed. Therefore, contrary to [defendant's] argument, Plaintiffs' request to unseal the exhibits is not moot."); *see also Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) ("[T]he Second Circuit has rejected the contention that the presumption of access is dependent upon the disposition of the underlying motion.").

EY US's October 1, 2025 letter also requested an opportunity to make additional factual and legal submissions in support of their sealing requests. (Dkt. No. 45). The Court will give EY US the opportunity to do so, and will also give Plaintiff an opportunity to respond. EY US shall submit additional briefing (and related factual materials), if any, regarding all pending and anticipated sealing motions, including any such motions regarding their anticipated reply briefs, contemporaneously with the filing of their reply briefs in support of their motions to dismiss on December 19, 2025. By that same date, EY Global may move for sealing of the exhibit filed under seal by Plaintiff in connection with EY Global's motion to dismiss, as well as any materials in EY Global's reply papers that it wishes to file under seal. Plaintiff shall submit additional briefing in response, if any, by no later than January 12, 2026. All such briefing shall be limited to ten pages single-spaced.

**SO ORDERED.**

DATED:   New York, New York
         November 25, 2025

_____
GARY STEIN
United States Magistrate Judge