UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOE HOWIE,

                        Plaintiff,

                -against-

ERNST & YOUNG LLP, ERNST &
YOUNG US LLP, AND ERNST &
YOUNG GLOBAL LIMITED,

                      Defendants.
------------------------------------------------------------------------X

**25 Civ. 5973 (RA) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Pending before the Court is Plaintiff's letter-motion seeking clarification of this Court's March 26, 2026 Order. (Dkt. No. 93). Defendants Ernst & Young LLP and Ernst & Young U.S. LLP (together, "EY US") have submitted a response to Plaintiff's letter-motion. (Dkt. No. 97). Having considered the parties' submissions, the Court provides the following clarification below.

## BACKGROUND

On March 26, 2026, this Court issued an Opinion and Order on the parties' nine pending motions to seal or unseal portions of the Complaint, the Amended Complaint, the briefs submitted in connection with Defendants' motions to dismiss, and other filings in this action. (Dkt. No. 86 (the "March 2026 Order") at 7). In those motions, Defendants EY US and Ernst & Young Global Limited ("EY Global") asserted, among other things, that certain material in Plaintiff's pleadings was protected by the attorney-client privilege and thus should remain redacted. (*Id.* at 15–16). Upon review, this Court made paragraph-by-paragraph determinations of

the material Defendants claimed to be privileged, denying their requests in certain instances, and granting their requests in others.  (*See id.* at 15–20).

Following the March 2026 Order, Plaintiff submitted a letter-motion on April 8, 2026, requesting "clarification" concerning the Order.  (Dkt. No. 93 ("Pl. Ltr.") at 1).  Specifically, Plaintiff seeks to clarify that

> any references in the [March 2026 Order] to material being protected by the attorney-client privilege are limited to the specific context of the sealing analysis and do not constitute a blanket or conclusive determination that the underlying subject matter is privileged for all purposes, including discovery, motion practice, or trial.

(*Id.*).  Plaintiff argues that this clarification is "particularly necessary" because he will "be in a better position to dispute properly any such assertions by Defendants once the parties have engaged in at least some discovery."  (*Id.*).

EY US submitted its response on April 10, 2026.  (Dkt. No. 97 ("EY US Ltr.")).  EY US argues that the March 2026 Order "speaks for itself" and that Plaintiff's "request for an after-the-fact judicial endorsement of his desired interpretation of the Order is improper."  (*Id.* at 1).  EY US further argues that Plaintiff's request is barred by judicial estoppel.  Specifically, EY US claims that, whereas Plaintiff now contends that he lacks the ability to contest Defendants' privilege assertions until the parties have engaged in discovery, he "took the opposition position" in his prior filings on the sealing and unsealing motions.  (*Id.*).  In those filings, EY US asserts, Plaintiff urged the Court to decide the privilege issues quickly (and prior to discovery), and argued that under Second Circuit precedent, "motions to seal (or unseal) should not linger on the docket for long," and

2

that "[e]ach passing day . . . may constitute a separate and cognizable" First Amendment violation. (*Id.* at 1–2 (citing Dkt. No. 5 at 2)). EY US thus argues that Plaintiff "may not seek to litigate this issue a second time, hoping for a different result, when he previously urged this Court to take it up immediately upon instituting his case." (*Id.* at 2).

## DISCUSSION

The Court finds clarification of its March 2026 Order to be warranted in the following three respects.

1.    To the extent Plaintiff argues that the privilege determinations made in the March 2026 Order should be "limited to the specific context of the sealing analysis" and should be revisited afresh if and when Plaintiff seeks to contest EY US's privilege assertions later in the case (Pl. Ltr. at 1), the Court rejects that argument. The privilege determinations made in the March 2026 Order—at Plaintiff's invitation—did not turn on the fact that the issues arose in the context of a sealing motion. A communication is either protected by the attorney-client privilege or it is not. It does not become more or less protected when considered under the legal rubric governing a motion to seal. Rather, as the March 2026 Order noted (Dkt. No. 86 at 15), preservation of attorney-client confidentiality "is a well-recognized *exception* to the presumption of access." *EEOC v. Kelley Drye  Warren LLP*, No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *4 (S.D.N.Y. Mar. 2, 2012) (emphasis added); *see also Swidler & Berlin v. United States*, 524 U.S. 399, 409 (1998) (rejecting "use of a balancing test in defining the contours of the privilege").

Based on a careful review of the redacted portions of the Amended Complaint, and the submissions of the parties, this Court determined that certain lines reflected privileged communications between client and attorney. This Court's analysis thus reflects a substantive ruling on the applicability of the attorney-client privilege, based on the record before the Court, with respect to the redacted portions of the Amended Complaint. The law of the case doctrine would bar Plaintiff from relitigating these determinations through a different motion later in the litigation on the basis of the same arguments and same circumstances previously presented. *See United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) ("[W]hen a Court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case, unless cogent and compelling reasons militate otherwise." (citation omitted)); *see also Lugosch v. Congel*, 219 F.R.D. 220, 244–45 (S.D.N.Y. 2003) (holding that "the law of the case controls" where court had "previously addressed the issue of whether [certain] records were cloaked by the attorney-client privilege").

2.      This does not, however, mean that Plaintiff is precluded from challenging the privilege determinations made in the March 2026 Order should circumstances change. The law of the case doctrine "is a discretionary rule of practice and generally does not limit a court's power to reconsider an issue." *In re PCH Assocs.*, 949 F.2d 592, 592 (2d Cir. 1991). Thus, "the Court in its discretion may depart from the law of the case and reconsider an issue if, for example, there has been an intervening change of controlling law, new evidence is available, or

4

there is a need to correct a clear error or prevent manifest injustice." *Petróleos de Venezuela, S.A. v. MUFG Union Bank*, No. 19 Civ. 10023 (KPF), 2025 WL 2675871, at *31 (S.D.N.Y. Sept. 18, 2025).  The Court is cognizant that the March 2026 Order was issued at a very early stage of the case, prior to discovery, and that it is possible that Plaintiff could present new evidence or circumstances justifying a deviation from the Court's initial privilege rulings.

3.    EY US's argument that "judicial estoppel" would bar Plaintiff from asking the Court to revisit the privilege determinations in the March 2026 Order is without merit.  Judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation omitted).  While the doctrine of judicial estoppel is "not reducible to any general formulation of principle," courts applying the doctrine generally look for the existence of three factors: (1) that a party's new position is "'clearly inconsistent' with its earlier position," (2) that the party seeking to assert this new position "previously persuaded a court to accept its earlier position," and (3) that the party asserting those positions "would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 619 (2d Cir. 2012) (quoting *New Hampshire*, 532 U.S. at 750–51).

EY US fails to show how Plaintiff's cited positions are clearly inconsistent. When determining clear inconsistency, courts must "carefully consider the contexts in which apparently contradictory statements are made to determine if there is, in

fact, direct and irreconcilable contradiction." *United States v. Apple, Inc.*, 791 F.3d 290, 337 (2d Cir. 2015) (quoting *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 119 (2d Cir. 2004)). EY US points to Plaintiff's initial position in his July 22, 2025 letter-motion, seeking to file an unredacted version of his complaint, that this Court should decide the sealing issue quickly due to the First Amendment implications of allowing sealed filings to linger on the docket. (*See* Dkt. No. 5 at 2; EY US Ltr. at 1–2). Then, EY US points to Plaintiff's current motion for clarification, which seeks to ensure that he may contest privilege determinations later down the line, with the benefit of discovery, despite the March 2026 Order. (*See* Pl. Ltr. at 1). But those two positions are not inconsistent; one was a request for a ruling, the other a request for clarification of the ruling that was issued. They certainly fall short of the "direct and irreconcilable" contradiction required for judicial estoppel. *Apple,* 791 F.3d at 337.

Moreover, and contrary to EY US's claim, the position taken in Plaintiff's July 22, 2025 letter-motion is not the position adopted by this Court in its November 25, 2025 Order (the "November 2025 Order"). (*See* EY US Ltr. at 2). The November 2025 Order rejected EY US's argument, made in a letter filed on October 1, 2025, that the Court should defer a ruling on the sealing issues because the pending motions to dismiss might render those issues "moot." (Dkt. No. 68; *see* Dkt. No. 45). Plaintiff's July 22, 2025 letter did not address this mootness argument, as the letter was filed more than three months before that argument was made, and before Defendants had even appeared in this action or expressed an intention to

6

move to dismiss.  Not surprisingly, the Court did not cite or refer to Plaintiff's July 22, 2025 letter, or to the position taken in that letter, in its November 2025 Order. Instead, the Court rejected EY US's position on the ground that, regardless of the disposition of the motions to dismiss, it would still be necessary for the Court to determine whether Plaintiff's pleadings should remain under seal.  (Dkt. No. 68 at 3).  Accordingly, it cannot be said that Plaintiff "persuaded [this] court to accept [his] earlier position" in his July 22, 2025 letter.  *Intellivision*, 484 F. App'x at 619.

The Clerk of Court is respectfully requested to close the motion pending at Docket Number 93.

**SO ORDERED.**

DATED:    New York, New York
          April 30, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge

7