WIGDOR.

**Michael Willemin**
mwillemin@wigdorlaw.com

October 20, 2026

**VIA ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
500 Pearl Street, Room 2203
New York, NY 10007

Re: Joe Howie v. Ernst and Young LLP, *et al.*; Civil Case No. 1:25-cv-5973

Dear Judge Abrams:

We represent Plaintiff Joe Howie ("Plaintiff") and write to respectfully seek clarification regarding Plaintiff's right to appeal the Court's dismissal and entry of judgment in favor of Defendant Ernst & Young Global Limited ("EY Global").

On September 30, 2026, the Court issued its Opinion & Order granting EY Global's motion to dismiss with prejudice. Dkt. No. 119. On the same day, the Court issued an Order granting the motion to dismiss Ernst & Young LLP and Ernst & Young US LLP without prejudice to the filing of a Second Amended Complaint against those entities. Dkt. No. 118. Thereafter, the Clerk entered judgment in favor of EY Global, which included a notice advising Plaintiff of his right to appeal the judgment dismissing EY Global. Dkt. Nos. 120, 120-1. Out of an abundance of caution, and to avoid any argument that Plaintiff had waived, forfeited, or otherwise failed to preserve his right to appellate review of the Court's ruling as to EY Global, Plaintiff filed a Notice of Appeal. Dkt. No. 123.

However, Plaintiff intends to file a Second Amended Complaint against Ernst & Young LLP and Ernst & Young US LLP, which would result in the situation contemplated by Federal Rule of Civil Procedure ("FRCP") 54(b). Under that situation, the dismissal of the claims against EY Global would be appealable only if the Court enters a final judgment against EY Global based upon an express determination that there is no just reason for delay. It does not appear to Plaintiff that the Court has issued a final judgment against EY Global pursuant to FRCP 54(b). In an abundance of caution, prior to withdrawing Plaintiff's notice of appeal, we write to seek confirmation that the Court's judgment with respect to EY Global was not intended to be pursuant to FRCP 54(b).

We thank Your Honor for the Court's time and consideration of this matter.

WIGDOR.



Respectfully submitted,

Michael J. Willemin