UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE HOWIE,

Plaintiff,

v.

ERNST & YOUNG LLP, ERNST & YOUNG US LLP, ERNST & YOUNG GLOBAL LIMITED,

Defendants.

25-CV-5973 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On August 31, 2026, the Court heard oral argument on Defendants' motions to dismiss Plaintiff's Amended Complaint. *See* Dkt. 116. On September 30, 2026, the Court issued an Order dismissing Plaintiff's claims against Defendants Ernst & Young LLP ("EY LLP") and Ernst & Young US LLP ("EY US LLP") for the reasons stated on the record at the hearing. *See* Dkt. 118. The Court granted Plaintiff "leave to file a second amended complaint within thirty (30) days." *Id.* In a separate Opinion issued the same day, the Court also dismissed Plaintiff's claims against Defendant Ernst & Young Global Limited ("EY Global"). Dkt. 119. The Clerk of Court entered judgment in favor of EY Global on October 2, 2026, Dkt. 120, and Plaintiff filed a notice of appeal from the judgment on October 14, 2026, Dkt. 123.

On October 20, 2026, Plaintiff filed a letter informing the Court that Plaintiff "intend[ed] to file a Second Amended Complaint against [EY LLP] and [EY US LLP]" and seeking clarification as to whether the Court had entered a partial final judgment against EY Global under Rule 54(b) of the Federal Rules of Civil Procedure. Dkt. 124. The next day EY Global informed

the Court that it "ha[d] no objection to [Plaintiff's] counsel's request for clarification" and that "EY Global would oppose any request for entry of a partial final judgment at this time." Dkt. 125.

The Court hereby clarifies that it did not certify the dismissal of Plaintiff's claims against EY Global as a partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Where, as here, an action involves multiple claims or parties, Rule 54(b) authorizes a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). If the Court does not make such an express determination, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* "Whether to grant a Rule 54(b) [certification] is left to the discretion of the district court." *Cromwell v. N.Y.C. Health & Hospitals Corp.*, No. 12-CV-4251, 2013 WL 6423431, at *2 (S.D.N.Y. Dec. 9, 2013). However, "[t]he policy against piecemeal appeals requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quotation marks omitted). Therefore, "[t]he power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (quotation marks omitted).

The Court concludes that there is no "danger of hardship or injustice through delay" that warrants certifying the dismissal of Plaintiff's claims against EY Global as a final judgment under Rule 54(b). *See id.* (quotation marks omitted). Neither party has represented to the Court that the

remaining proceedings are likely to be so "abnormally protracted" as to warrant certification under Rule 54(b). *See Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 630 (2d Cir. 1991). Moreover, because the Court has dismissed Plaintiff's claims against EY Global, Plaintiff is "not prejudiced by any delay in payment." *N.Y. ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605, 2018 WL 3046514, at *4 (S.D.N.Y. June 20, 2018). Accordingly, the Court concludes that this is not the "infrequent harsh case" that justifies a departure from the "historic federal policy against piecemeal appeals." *Citizens Accord, Inc. v. Town of Rochester, N.Y.*, 235 F.3d 126, 128–29 (2d Cir. 2000) (quotation marks omitted).

For the reasons stated above, the Court thus clarifies that it did not certify the dismissal of Plaintiff's claims against EY Global as a partial final judgment under Rule 54(b).

SO ORDERED.

Dated: October 23, 2026
New York, New York

Ronnie Abrams
United States District Judge